IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ALAN W. CRAVENS                                              PLAINTIFF

         v.            Civil No. 09-5187

DR. JOHN HUSKINS; SHERIFF
KEITH FERGUSON; and CAPTAIN
ROBERT HOLLY                                                DEFENDANTS


                    O R D E R

     Now on this 19th day of September, 2011, come on for
consideration defendants' **Motion For Summary Judgment** (document
#33); the **Magistrate Judge's Report And Recommendation** ("R&R")
(document #41); and defendants' **Objections To Magistrate Judge's
Report And Recommendation** ("Objections") (document #42), and from
said documents, the Court finds and orders as follows:

     1.  Plaintiff Alan W. Cravens ("Cravens") brought suit
pursuant to **42 U.S.C. § 1983**, alleging that defendants denied him
adequate medical care and access to mail during his incarceration
at the Benton County Detention Center.

     Defendants moved for summary judgment, and the United States
Magistrate Judge promulgated a questionnaire to assist Cravens in
formulating his response to that motion.  Cravens completed this
questionnaire, and when the motion was fully briefed, the
Magistrate Judge  issued the R&R now under consideration.

     2.  The R&R recommends that defendant's Motion For Summary
Judgment be granted as to all claims asserted against them in

their official capacities, but that it be denied as to individual capacity claims against defendants Dr. John Huskins ("Huskins") and Captain Robert Holly ("Holly").   While Cravens did not specifically plead individual capacity claims against defendants, the R&R notes that *pro se* pleadings are to be liberally construed; that the distinction between individual and official capacity claims can be confusing, even to lawyers; that defendants pled qualified immunity (an individual capacity defense) in their Answer; and that defendants argued in their Motion For Summary Judgment for dismissal of individual capacity claims.   Based on these factors, the Magistrate Judge determined that Cravens' Complaint should be construed as asserting individual capacity claims.

The R&R then analyzed the evidence and recommended that the Motion be denied as to individual capacity claims against Huskins and Holly.   It recommended that the Motion be granted as to individual capacity claims against defendant Sheriff Keith Ferguson.

3.   Huskins and Holly object to the R&R, insofar as it construes Cravens' claims against them as individual capacity claims.   They cite authorities to the effect that individual capacity claims must be specifically pled as such, and point out that one of the questions in the questionnaire completed by Cravens was "[a]re you suing the Defendants in their individual or

-2-

official capacities?"   This was followed by three choices:
"Individual," "Official," or "Both individual and official."
Cravens checked the blank beside the choice "Official."

4.   There is no doubt that the distinction between
individual and official capacity suits is confusing.  In **Kentucky
v. Graham**, **473 U.S. 159 (1985),** the Supreme Court attempted to
define it more clearly "[b]ecause this distinction apparently
continues to confuse lawyers and confound lower courts."   The
Court therein explained that

> [p]ersonal-capacity suits seek to impose personal
> liability upon a government official for actions he
> takes under color of state law.   Official-capacity
> suits, in contrast, generally represent only another way
> of pleading an action against an entity of which an
> officer is an agent. As long as the government entity
> receives notice and an opportunity to respond, an
> official-capacity suit is, in all respects other than
> name, to be treated as a suit against the entity. It is
> *not* a suit against the official personally, for the real
> party in interest is the entity.

**473 U.S. at 165-66** (internal citations and quotation marks
omitted).

5.   In the Eighth Circuit, a corollary to the individual
capacity/official capacity dichotomy is that a plaintiff must
specifically so state if he is suing a defendant in his individual
capacity.

> This court has held that, in order to sue a public
> official in his or her individual capacity, a plaintiff
> must expressly and unambiguously state so in the
> pleadings, otherwise, it will be assumed that the
> defendant is sued only in his or her official capacity.
> Because section 1983 liability exposes public servants

to civil liability and damages, we have held that only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants.

**Johnson v. Outboard Marine Corp.**, 172 F.3d 531, 535 (8th Cir. 1999) (internal citations omitted).

The Eighth Circuit has affirmed this principle in several recent unpublished decisions[1], and has only departed from it under the rule of liberal construction of *pro se* pleadings when a basis to do so was found in the *pro se* plaintiff's pleadings (as opposed to the pleadings of defendants)[2].   The recommendation here for departure from the rule is based not on clues to be found in Cravens' submissions, but rather on protective arguments made by defendants in their Answer and Motion For Summary Judgment.

6.   Given the rule in **Johnson**, and the Eighth Circuit's infrequent departure from it, the Court finds defendants' Objection well taken, and it will be sustained.   The R&R will, therefore, be adopted only in part.   It will not be adopted insofar as it recommends denial of the Motion For Summary Judgment as to Huskins and Holly in their individual capacities.   There being no claims asserted against Huskins and Holly in their individual capacities, the Court finds that the Motion For Summary Judgment should be granted in its entirety.

---

[1]See Bishop v. Savage, 406 Fed.Appx. 85 (8th Cir. 2010); McCroy v. Douglas County Corrections Center, 394 Fed.Appx. 325 (8th Cir. 2010); and Moore v. Plock, 377 Fed.Appx. 563 (8th Cir. 2010).

[2]Bird v. Jefferson County Sheriff's Dept., 363 Fed.Appx. 425 (8th Cir. 2010).

**IT IS THEREFORE ORDERED** that defendants' **Objections To Magistrate Judge's Report And Recommendation** (document #42) are **sustained.**

**IT IS FURTHER ORDERED** that the **Magistrate Judge's Report And Recommendation** ("R&R") (document #41) is **adopted in part** and **not adopted in part.** The R&R is **adopted** insofar as it recommends granting defendant's Motion For Summary Judgment and dismissing Cravens' claims against all defendants in their official capacities, and against Sheriff Keith Ferguson in his individual capacity. The R&R is **not adopted** insofar as it recommends denial of defendant's Motion For Summary Judgment as to claims against Dr. John Huskins and Captain Robert Holly in their individual capacities.

**IT IS FURTHER ORDERED** that defendants' **Motion For Summary Judgment** (document #33) is **granted,** and plaintiff's claims are **dismissed with prejudice.**

**IT IS SO ORDERED.**

                       /s/ Jimm Larry Hendren
                       JIMM LARRY HENDREN
                       UNITED STATES DISTRICT JUDGE